UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DONACIANO CONTRERAS, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. C-08-40 |
| § | |
| COASTAL BEND COLLEGE DISTRICT, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER

On this day came on to be considered Defendant's Motion for Summary Judgment, (D.E. 37), and Defendant's Motion to Dismiss Plaintiff's Claim under the Texas Public Information Act, (D.E. 40). For the reasons discussed below Defendant's motion for summary judgment is hereby GRANTED, and Defendant's motion to dismiss is hereby DENIED.

**I.     Jurisdiction.**

The Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiff brings suit pursuant to 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA"). The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

**II.    Procedural Background.**

On February 4, 2008, Plaintiff filed his original complaint with the Court, alleging violations of Title VII, 42 U.S.C. §§ 1981, 1983 and 1985(3), the ADA, the ADEA, Chapter 21 of the Texas Labor Code, and the Texas Public information Act ("TPIA") by Defendant Coastal Bend College and several of Defendant's employees. (D.E. 1.) Plaintiff stated that, while

employed by Defendant, he was the victim of disability-, age-, gender-, and national origin-based discrimination.  (Id.)  On March 14, 2008, during the initial pre-trial conference, Plaintiff voluntarily dismissed his 42 U.S.C. §§ 1981 and 1985(3) claims, and all of his claims against Defendant's employees.  (D.E. 17.)  Plaintiff retained his Title VII, 42 U.S.C. § 1983, ADA, ADEA, Texas Labor Code, and TPIA claims against Defendant.  (Id.)

On July 28, 2008, Defendant filed a motion for summary judgment on Plaintiff's Title VII, ADEA, and Texas Labor Code claims alleging age-, gender-, and national origin-based discrimination. (D.E. 37.)  Defendant argued that Plaintiff failed to exhaust his administrative remedies with respect to those claims.  (Id.)  Plaintiff's response in opposition to Defendant's motion was due on August 18, 2008.  See Local Rule 7.4(a) ("Responses to motions … must be filed by the submission day …"); D.E. 37 ("Motion Docket Date 8/18/08")).  Plaintiff, however, did not respond.  Defendant also filed, on September 10, 2008, a motion to dismiss Plaintiff's TPIA claim.  (D.E. 40.)  Defendant argued that the Court lacked subject matter jurisdiction to hear that claim.  (Id.)  Plaintiff's response in opposition to Defendant's motion was due on September 30, 2008.  See Local Rule 7.4(a); D.E. 40 ("Motion Docket Date 9/30/08")).  Plaintiff, again, did not respond.

Pursuant to Local Rule 7.4, "[f]ailure to respond will be taken as a representation of no opposition."  See Palma v. Wal-Mart Stores, Inc., C.A. No. H-05-3300, 2006 U.S. Dist. LEXIS 23328, at *2 (S.D. Tex. Mar. 28, 2006) ("[plaintiff] has not, however, filed any response in opposition to the Motion for Summary Judgment or requested an extension of time to do so.  The Motion for Summary Judgment, therefore, is uncontested and ripe for decision.").  The fact that Plaintiff failed to respond, however, "is an insufficient basis for a grant of summary judgment, since [Defendant] still must establish the absence of a genuine issue of material fact before it can

prevail on a summary judgment motion." Resolution Trust Corp. v. Starkey, 41 F.3d 1018, 1022-23 (5th Cir. 1995) (citing Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985); John v. Louisiana (Bd. of Trustees), 757 F.2d 698, 709 (5th Cir. 1985)); see also Palma, 2006 U.S. Dist. LEXIS 23328 at *3 n.3 (internal citations omitted) ("Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition. The Court is nonetheless obligated to consider the merits of the Motion for Summary Judgment."); Chesapeake Life Ins. Co. v. Shaka, C.A. No. H-05-1089, 2006 U.S. Dist. LEXIS 9209, at *3 n.1 (S.D. Tex. Feb. 24, 2006) (internal citations omitted) ("Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition. The Court must nevertheless consider the merits of the Motion.").

**III. Factual Background.**

Because of Plaintiff's failure to respond, the Court accepts the evidence submitted by the Defendant as uncontroverted. See Wyre v. St. Helena Parish Sch. Bd., C.A. Nos. 04-82-A, 04-83-A, 04-84-A, 2007 U.S. Dist. LEXIS 83117, at *5-6 (M.D. La. Nov. 8, 2007).

On or around September 11, 2007, Plaintiff submitted an Intake Questionnaire to the Equal Employment Opportunity Commission ("EEOC"). (D.E. 37, Ex. A.) In response to the question, "[w]hat is the reason (basis) for your claim of employment discrimination," Plaintiff checked the boxes labeled "[d]isability" and "[r]etaliation." (Id. at 2.) Plaintiff did not check the boxes labeled "[s]ex," "[a]ge," or "[n]ational origin." (Id.) Plaintiff also stated, when asked for any "[o]ther reason (basis) for discrimination":

> Violation of ADA Laws; no access to A Building Restrooms where some of the jobs would have been at if I would have been selected. No Hand Controls on

> School Vehicle [makes] it impossible for me to fulfill my job duties; I was also instructed not to use my own specially equipped vehicle by Dr. Santos Martinez and Roxanne Aguirre.

(Id.)  When asked to describe specific instances of discrimination, Plaintiff explained that Defendant failed to select him for several employment positions for which he applied and was qualified based solely on his disability.  (Id. at 2-3.)  He also stated that Defendant terminated his employment because of his disability.  (Id. at 4.)

On or around September 28, 2007, Plaintiff submitted a formal Charge of Discrimination to the EEOC.  (D.E. 37, Ex. B.)  In the section of the charge titled "DISCRIMINATION BASED ON (Check appropriate box(es).)," Plaintiff checked the boxes labeled "RETALIATION" and "DISABILITY."  (Id. at 1.)  He did not check the boxes labeled "SEX," "NATIONAL ORIGIN," or "AGE."  (Id.)  Plaintiff also explained in the space provided that "[he] believe[d he] had] been discriminated against because of [his] disability and subjected to retaliation for having complained of the discrimination in violation of Title I of the Americans with Disabilities Act of 1990."  (Id. at 2.)

**IV.  Discussion.**

    **A.  Defendant's Motion for Summary Judgment.**

        **1.  Summary Judgment Standard.**

Federal Rule of Civil Procedure 56 states that summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact."  Fed. R. Civ. P. 56(c).  "[O]n summary judgment, the moving party has the initial burden of establishing that there are no issues of material fact and that it is entitled to judgment in its favor as a matter of law."  Breen v. Tex. A&M Univ., 485 F.3d 325, 331 (5th Cir. 2007) (citing Rivera v. Houston

Indep. Sch. Dist., 349 F.3d 244, 246-47 (5th Cir. 2003)). "If the moving party meets this burden, the burden then shifts to the non-moving party to point to evidence showing that an issue of material fact exists." Breen, 485 F.3d at 331 (citing Rivera, 349 F.3d at 247). "In determining whether summary judgment is appropriate, we view all of the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." Breen, 485 F.3d at 331 (citing Coleman v. Sch. Bd. of Richland Parish, 418 F.3d 511, 515-16 (5th Cir. 2005)).

### 2.   Exhaustion of Administrative Remedies.

Filing a formal complaint with the EEOC is a condition precedent to filing a lawsuit based on violations of Title VII or the ADEA. Stith v. Perot Sys. Corp., 122 Fed. Appx. 115, 118 (5th Cir. 2005). Similarly, filing a formal complaint with the EEOC or Texas Workforce Commission-Civil Rights Division ("TWC-CRD") is a condition precedent to filing a lawsuit based on violations of Chapter 21 of the Texas Labor Code. TEX. LAB.CODE ANN. §§ 21.201-.202 (Vernon 2007); Specialty Retailers, Inc. v. DeMoranville, 933 S.W.2d 490, 492 (Tex. 1996); see also Ojedis v. Jetblue Airways Corp., A-08-CA-127 LY, 2008 U.S. Dist. LEXIS 28970, at *5 (W.D. Tex. Apr. 9, 2008).

"A suit that flows from an EEOC complaint is limited by charges of discrimination 'like or related to' allegations contained in the EEOC complaint." Id. (quoting Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970)). The Fifth Circuit has explained that:

> Courts should not condone lawsuits that exceed the scope of EEOC exhaustion, because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation. Nevertheless, competing policies underlie judicial interpretation of the exhaustion requirement. Pacheco v. Mineta, 448 F.3d 783, 788-89 (5th Cir. 2006). On one hand, the scope of an EEOC charge should be liberally construed for litigation purposes because Title VII "was designed to protect the many who are unlettered and unschooled in the nuances of literary draftsmanship." Sanchez v. Standard Brands, Inc., 431 F.2d 455, 465 (5th

> Cir. 1970)).  On the other hand, the "primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in [an] attempt to achieve non-judicial resolution of employment discrimination claims." Pacheco, 448 F.3d at 788-89.  To reconcile these policies, this court construes an EEOC complaint broadly but in terms of the administrative EEOC investigation that "can reasonably be expected to grow out of the charge of discrimination." Sanchez, 431 F.2d at 466.  We use a "fact-intensive analysis" of the administrative charge that looks beyond the four corners of the document to its substance. Id.  In sum, a Title VII lawsuit may include allegations "like or related to allegation[s] contained in the [EEOC] charge and growing out of such allegations during the pendency of the case before the Commission." Id.

McClain v. Lufkin Indus., 519 F.3d 264, 273 (5th Cir. 2008).  The same principles apply to ADEA and Texas Labor Code claims. Evenson v. Sprint/United Mgmt. Co., C.A. No. 3:08-CV-0759-D, 2008 U.S. Dist. LEXIS 65661, at *16 (N.D. Tex. Aug. 21, 2008) ("The exhaustion of administrative remedies requirement under the ADEA is nearly identical to that of Title VII.") (citing 42 U.S.C. § 2000e-5; 29 U.S.C. § 626); City of La Joya v. Ortiz, No. 13-06-401-CV, 2007 Tex. App. LEXIS 818, *13 (Tex. App.–Corpus Christi Feb. 1, 2007) (quoting Johnson v. Hoechst Celanese Corp., 127 S.W.3d 875, 878 (Tex. App.–Corpus Christi 2004)) ("A lawsuit under the [Texas Labor Code] is limited to claims made in the discrimination complaint and 'factually related claims that could reasonably be expected to grow out of the Commission's investigation of the charge.'").

Plaintiff's Title VII, ADEA, and Texas Labor Code claims alleging discrimination based on gender, age, and national origin are not "'like or related to' [any of the] allegations contained in the EEOC complaint." Stith, 122 Fed. Appx. at 118 (quoting Sanchez, 431 F.2d at 466).  Plaintiff's EEOC charge alleges disability-based discrimination and retaliation only; nowhere in the charge is gender-, age-, or national origin-based discrimination mentioned.  (D.E. 37, Ex. B.)  Plaintiff's disability-based discrimination and retaliation claims cannot, without more, form a basis for Plaintiff's claims that he was discriminated against for wholly unrelated reasons.  See

Stith, 122 Fed. Appx. at 118-119 (affirming district court decision that "EEOC charge did not make any claims of unequal pay based on age or sex," where EEOC charge did allege unequal pay based on race); Carter v. RMH Teleservices, Inc., SA-04-CA-1130RF, 2005 U.S. Dist. LEXIS 18378, at *14 (W.D. Tex. Aug. 10, 2005) (stating that "Plaintiff cannot exhaust his administrative remedies with respect to race discrimination by simply checking the 'retaliation' box on the EEOC charge"). Accordingly, the Court finds that Plaintiff did not exhaust his administrative remedies with respect to his Title VII, ADEA, and Texas Labor Code claims alleging discrimination based on gender, age, and national origin.

  **B.**  **Defendant's Motion to Dismiss.**

    **1.**  **Motion to Dismiss Standard.**

Federal Rule of Civil Procedure 12(b)(1) allows for dismissal of a claim over which the Court lacks subject matter jurisdiction. In analyzing a Rule 12(b)(1) motion, the Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." Lane v. Halliburton, 529 F.3d 548, 557 (5th Cir. 2008) (citing In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)). "[U]nder Rule 12(b)(1), the court may … consider[] any of the following: '(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" Lane, 529 F.3d at 557 (quoting Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996)).

    **2.**  **Texas Public Information Act ("TPIA").**

Plaintiff alleges in his first amended complaint that Defendant violated the TPIA "by destroying and withholding relevant public information." (D.E. 14, ¶ 46.) Plaintiff states that he

"demanded this information, but Defendants … failed and refused to provide it, or … imposed illegal and unreasonable conditions on disclosure." (Id.)

> Pursuant to Texas Gov. Code § 552.301:
>
> A governmental body that receives a written request for information that it wishes to withhold from public disclosure and that it considers to be within one of the exceptions under Subchapter C must ask for a decision from the attorney general about whether the information is within that exception if there has not been a previous determination about whether the information falls within one of the exceptions.

Neither Plaintiff in his complaint, nor Defendant in its motion, discusses whether or not (1) Plaintiff's request was in writing, or (2) Defendant contacted the attorney general in accordance with section 552.301. Construing the allegations in the light most favorable to Plaintiff, the Court assumes that Plaintiff's request was in writing, and that Defendant did not comply with section 552.301.

> Pursuant to Texas Gov. Code § 552.321:
>
> (a) A requestor or the attorney general may file suit for a writ of mandamus compelling a governmental body to make information available for public inspection if the governmental body refuses to request an attorney general's decision as provided by Subchapter G …
>
> (b) A suit filed by a requestor under this section must be filed in a district court for the county in which the main offices of the governmental body are located …

Defendant argues that this Court is not "a district court for the county in which the main offices of [Defendant] are located" and, thus, lacks jurisdiction over Plaintiff's TPIA claim. (D.E. 40, ¶ 6.) Specifically, Defendant states that its main offices are located in Bee County, Texas and, thus, that Plaintiff must bring his TPIA claim there. (Id.) While it is true that the Courthouse for the United States District Court for the Southern District of Texas, Corpus Christi Division, is physically located in Nueces County, its jurisdiction extends to several counties,

including Bee County.[1]  In fact, this Court is the *only* federal district court whose jurisdiction extends to Bee County and, thus, is the federal district court *for* Bee County as provided by the statute.  Defendant would urge the Court to adopt a rule requiring that Plaintiff bring his TPIA claim, separate from his other claims, in a state court physically located in Bee County.  The statute, however, does not require this result and, where Plaintiff has several related claims that are pending in federal court, the result is nonsensical.

## V.     Conclusion.

Based on the foregoing:

(1) Defendant's motion for summary judgment is hereby GRANTED.

   (a) Plaintiff's Title VII claims are dismissed for failure to exhaust administrative remedies;

   (b) Plaintiff's ADEA claims are dismissed for failure to exhaust administrative remedies;

   (c) Plaintiff's Texas Labor Code claims, alleging gender-, age-, and national origin-based discrimination, are dismissed for failure to exhaust administrative remedies.

(2) Defendant's motion to dismiss is hereby DENIED.

(3) Plaintiff's 42 U.S.C. § 1983 claims, ADA claims, Texas Labor Code claims alleging disability-based discrimination and retaliation, and TPIA claims remain pending before the Court.

SIGNED and ORDERED this 19th day of November, 2008.

_____
Janis Graham Jack
United States District Judge

---

[1] See Southern District of Texas Division Map (http://www.txs.uscourts.gov/addresses/).